IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EDWARD JOHNSON, #335470   *
       Plaintiff
    v.                                              *   CIVIL ACTION NO. JFM-11-72
SYEDA HAFIZ, M.D. et al                             *
       Defendant
                                   ***

## MEMORANDUM

Defendants Syeda Hafiz, Peace Oke, and Evangeline Okechukwu have filed a motion to dismiss, which is unopposed.[1] ECF No. 11. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff, a patient at the Clifton T. Perkins Hospital, alleges that on an unspecified day in December of 2010, during the 11-7 shift, he was placed in a "strip room" and that all of his belongings, including his prayer book, were removed from him. He alleges that this violated his rights under the First Amendment.[2] ECF No. 1.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in

---

[1] Plaintiff was given the requisite notice and an opportunity to oppose the dispositive motion, in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and has failed to do so.

[2] Plaintiff also badly alleges that he was subjected to 'cruel and unusual punishment, physical and psychological torture, harassment…denied freedom of speech." He has provided no facts in support of any of these claims and as such they are subject to dismissal.

support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

The Free Exercise Clause of the First Amendment is applicable to the states by virtue of the Fourteenth Amendment. *See Employment Division v. Smith*, 494 U.S. 872, 876-77 (1990). It provides that "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. Const. Amend. I. An institutionalized person's rights under the First Amendment to the free exercise of his religions is not absolute. Rather, state action violates an institutionalized person's constitutional rights if it burdens religious rights and is not reasonably related to the institution's goals. *See Turner v. Safley,* 482 U.S. 78, 89 (1987).

Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. *O'Lone*, 482 U.S. at 348. Inmates retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). That right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the constitution. *See Turner*, 482 U.S. at 89-91.

The test to determine if the restrictions are justified requires examination of whether there

is a rational relation between the asserted governmental interest and the regulation in question. In addition, this court must examine: whether there are alternative means of exercising the right asserted; whether accommodation of the right will impact on the orderly operations of the prison; and whether readily available alternatives to the regulation would be less restrictive. *See id.*

An additional consideration in this case is the standard provided by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The Act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a).

Plaintiff complains that his property, including his prayer book, were temporarily taken from him when he was placed in seclusion. He does not allege that the policy of taking property when an inmate is placed in seclusion substantially burdened his exercise of religion. Nor does he allege that the confiscation of his property was not related to the institution's goal of maintaining safety and security. Plaintiff's complaint shall be dismissed. *See Dunlap v. Losey*, 40 Fed. Appx. 41 (6th Cir. 2002) (failure to state a claim under RLUIPA due to temporary deprivation of bible.)

### Conclusion

For the reasons stated above, defendant's motion to dismiss shall be granted. A separate order follows.

\_\_October 7, 2011_____     \_\_\_\_\_/s/_____
Date                                              J. Frederick Motz
                                                  United States District Judge